UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD ALLEN DAHM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:12-CV-1 |
| | ) |
| HILLARY RODHAM CLINTON, et al., | ) |
| | ) |
|     Defendants. | ) |

### OPINION AND ORDER

*Pro se* Plaintiff Richard Dahm seeks appointment of counsel in this age discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. (*See* Docket # 5.). The Court requested that Dahm submit a Questionnaire for Appointment of Counsel (Docket # 8), which he promptly did (Docket # 9). For the reasons given below, Dahm's Motion will be DENIED.

#### *A. Legal Standard*

"[T]he provisions of the ADEA do not expressly authorize appointment [of counsel.]"[1] *Collins v. Courtesy Lumber & Supply Co.*, No. 92 C 2871, 1992 WL 109046, at *1 (N.D. Ill. May 8, 1992). Thus, the general authority of 28 U.S.C. § 1915(e)(1), which provides that a "court may request an attorney to represent any such person unable to employ counsel," controls. *Id.*; *see also Evans v. Poskon*, No. 1:07-cv-592, 2007 WL 1550463, at *1 (May 25, 2007).

---

[1] Indeed, no constitutional or statutory right to counsel exists in a civil case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995).

Under § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Santiago*, 599 F.3d at 760-61; *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.  "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761.

The second prong of this test comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761.  The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761.  Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 654-55 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id*; *see also Santiago*, 599 F.3d at 762.  And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Pruitt*, 503 F.3d at 654-55; *see also Santiago*,

599 F.3d at 762. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 762.

### *2. Discussion*

On his completed Questionnaire, Dahm indicated that he has contacted four attorneys concerning his case; none, however, have taken his case. (Docket # 9.) Of course, this is an indication that his claims may indeed have little merit and that appointing counsel will not make a difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

In any event, this suit is a relatively straightforward ADEA action: Dahm claims that Defendants discriminated against him on the basis of his age when he applied for a job. (Docket # 3.) Thus, the claim does not involve any 'nonintuitive procedural requirements applied in a setting of complex legal doctrine.'" *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991)). And, there is no indication that discovery is "expected to require extraordinary resources or sophisticated legal knowledge." *Id*. Nor does resolution of the case require expert testimony. *Id*.

Moreover, it appears that Dahm is quite capable of prosecuting his own suit. He has already adequately articulated his claims in this case and has sought relief through filing two motions. (*See* Docket # 1-5, 9.) His complaint also describes his numerous oral and written communications with Defendants at the agency level prior to filing this suit. (*See* Docket # 3.) Significantly, Dahm is employed, apparently as an instructor, at Indiana University-Purdue

3

University, Fort Wayne, during the school year (Docket # 3, 9), and thus he obviously has reasonably good communication skills, at least at a sufficient level to proceed *pro se*. In fact, his skills exceed "those of *pro se* plaintiffs found competent to represent themselves." *Jagla*, 2006 WL 1005728, at *5.

Considering the foregoing, Dahm appears quite competent to adequately handle the discovery process, summary judgment briefing, and trial of this relatively straightforward age discrimination case. *See, e.g.*, *Jagla*, 2006 WL 1005728, at *5 (denying plaintiff's request for counsel in a straightforward national origin discrimination case). Therefore, his request for appointment of counsel (Docket # 5) is DENIED. Of course, Dahm is free to attempt to secure counsel on his own.

SO ORDERED.

Enter for February 16, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge