UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RICHARD ALLEN DAHM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:12-CV-1 |
| ) | |
| **HILLARY RODHAM CLINTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

Before the Court is a motion for reconsideration filed by *pro se* Plaintiff Richard Dahm (Docket # 12), requesting that the Court reconsider its Opinion and Order dated February 15, 2012, denying his motion to appoint counsel (the "Order") (Docket # 10).

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269-70.

In the Order, after articulating the applicable legal standard for a motion to appoint counsel, the Court observed that Dahm's case may have little merit since none of the four attorneys he contacted concerning his case chose to represent him. The Court then explained that it viewed Dahm's case as a "relatively straightforward ADEA action" and that, given his

reasonably good communication skills, he appeared quite capable of prosecuting it himself.  In particular, the Court noted Dahm's numerous oral and written communications with Defendants at the agency level prior to filing suit and his employment as an instructor at the university level.

In the instant motion, Dahm disputes all of these findings.  He first criticizes the Court's assessment of the merits of his case, emphasizing that no attorney he contacted actually refused his case outright or advised him it was non-meritorious; rather, they simply refused to take it without a sizeable retainer.   Next, Dahm nitpicks the Court's characterization of the case as "a relatively straightforward ADEA action," stating that he is *also* alleging discrimination based on "affiliations and reprisal."  And finally, he attempts to downplay his ability to  represent himself, emphasizing that he is only a "part time writing teacher" for undergraduate students and has never taken any law classes.

In short, no "manifest error of law or fact" was committed in denying Dahm's request to appoint counsel. *Caisse Nationale De Credit Agricole*, 90 F.3d at 1269-70.  Nor does the additional evidence Dahm points to materially alter the Court's reasoning. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010) (explaining that no constitutional or statutory right to counsel exists in a civil case and that the decision whether to recruit pro bono counsel is left to the discretion of the court).  In fact, Dahm's latest filing further evidences the Court's prior finding that he has "reasonably good communication stills, at least at a sufficient level to proceed *pro se*." (Order 4.)  To reiterate, Dahm's communication skills significantly exceed "those of *pro se* plaintiffs found competent to represent themselves." (Order 4 (quoting *Jagla v. LaSalle Bank*, No. 95 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006)).)  Therefore, Dahm's motion

to reconsider (Docket # 12) is DENIED, and the Court will not recruit an attorney for him.  Of course, as before, Dahm is free to secure counsel utilizing his own efforts.[1]

SO ORDERED.

Enter for this 27th day of April, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Dahm has now brought to the Court's attention that he previously filed for bankruptcy. (*See* Docket # 12.) As a consequence—although the details of his bankruptcy filing have not been provided to the Court—the bankruptcy trustee, not Dahm, may be the real party in interest to prosecute this action. *See, e.g.*, *Lionetti v. Nat'l City Bank of Ind.*, No. 1:06-cv-511, 2008 WL 312921 (S.D. Ind. 2008); *Merrick v. Wal-Mart Supercenter*, No. 3:06-cv-292, 2007 WL 1742194 (N.D. Ind. 2007); *Olexy v. Interstate Assurance Co.*, 113 F. Supp. 2d 1045 (S.D. Miss. 2000).