# United States District Court
# Northern District of Indiana

| | |
|---|---|
| RICHARD ALLEN DAHM, | |
| Plaintiff, | |
| v. | Civil Action No. 1:12-CV-1 JVB |
| HILLARY RODHAM CLINTON, et al., | |
| Defendants. | |

**ORDER**

Defendants Hillary Rodham Clinton, Secretary of the Department of State, and the Office of Personnel Management have filed a motion to dismiss pro se Plaintiff Richard Dahm's complaint against them (DE 26). Defendants assert that they are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's complaint fails to state a claim upon which relief can be granted. Alternatively, they argue that they are entitled to summary judgment.

**A.   Legal Standards**

**(1)   *Failure to State a Claim***

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**(2)** *Summary Judgment*

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

**B.**     **Background and Facts**

Plaintiff has filed a complaint against Hilary Rodham Clinton, Secretary of the Department of State (DOS), and the United States Office of Personnel Management. He alleges that DOS offered him a position as a Passport Specialist in Portsmouth, New Hampshire, under circumstances that made it impossible for him to accept the position and failed to hire him for the same position in Chicago. He claims that DOS's treatment of him constitutes discrimination on the basis of his age (he was forty-four at the time) and political affiliations. He further alleges that DOS has sabotaged his efforts to gain employment with other federal agencies in retaliation for his complaint to the DOS Office of Inspector General about DOS's handling of the application process for the Passport Specialist position. He also cites the Lilly Ledbetter Fair Pay Act of 2009 as a basis for his claim.

According to Plaintiff's complaint and attached documents, at some point before

September 28, 2007, he applied for the position of Passport Specialist in Chicago. On that date, the DOS tentatively offered him the position in Portsmouth, New Hampshire, contingent on his receiving security clearance. He was granted security clearance on November 28, 2007, but was not informed of it until February 4, 2008. The February 4, 2008, notification from DOS instructed him to select a start date and informed him he would receive an official job offer via email. He selected April 28, 2008, as his start date and advised Alecia Mason, a DOS employee, that he needed to receive the formal offer promptly in order to break his contract with his employer, give required notice, and secure a substitute instructor. At some point he had signed a contract to teach for the spring semester. DOS knew that he was a teacher.

Plaintiff received an official job offer via email, signed by Tiea Morena, on April 20, 2008. On April 21, 2008, he wrote to Morena stating that he could not accept the Portsmouth position.

Plaintiff filed a formal complaint about his application experience with the DOS Office of the Inspector General ("OIG"). He did not know of his right to file a complaint with the Office of Civil Rights until July 2010, when a representative of the American Federation of Government Employees told him of his rights. In July 2010, he sent a written complaint to the DOS Office of Civil Rights alleging age discrimination. He later filed an appeal to the Equal Employment Opportunity Commission. He received a Right to Sue Notice from the EEOC on November 14, 2011.

**C.      Discussion**

**(1)     *Motion for Summary Judgment.***

Defendants' motion for summary judgment is denied.  It is premature.  There has been no opportunity for discovery.  Moreover, Defendants have failed to provide this pro se Plaintiff with the notice required by Northern District of Indiana Local Rule 56-1(f).  Accordingly, the Court will not consider the matters outside the pleadings that Defendants submitted with their memorandum in support of the motion and with their reply.

**(2)     *Claim against OPM***

Defendants' first argument is that the Office of Personnel Management ("OPM") should be dismissed as a party because Plaintiff has failed to allege any claim against it.  The Court agrees.  The Court has carefully reviewed Plaintiff's complaint and is unable to find any allegations against OPM that state a claim for relief.  Accordingly, OMP will be dismissed as a party.

**(3)     *Timely Exhaustion of Administrative Remedies***

Defendants next assert that Plaintiff has failed to state a claim because he has not exhausted his administrative remedies in a timely manner.  An individual who believes that a federal government agency has discriminated against him on account of his age has two options.  He may file an administrative complaint against the agency. 29 U.S.C. § 633a(b)(3).  To commence the administrative action, he must first contact an Equal Employment Opportunity ("EEO") counselor with forty-five days of the date of the questioned incident.  29 C.F.R. § 1614.105(a)(1).  After the counseling period is completed, an aggrieved person may file a

complaint with the agency involved in the alleged discriminatory practice. 29 C.F.R. §§ 1614.105 and 1614.106. He may appeal an agency final decision to the EEOC. 29 C.F.R. § 1614.401. If he is not satisfied with the results of the administrative process, he may file suit in district court. 29 U.S.C. § 633a(c); 29 C.F.R. § 1614.408. Alternatively, he may file an action in federal court initially, within 180 days after the incident, if he gives the EEOC at least thirty days' notice of his intent to sue. 29 U.S.C. § 633a(d).

In this case Plaintiff filed an administrative complaint, bringing into play the forty-five day time limit for contacting an EEO counselor. The incident Plaintiff equates with age discrimination occurred, at the latest, on April 20, 2008, when DOS made him the offer of employment under circumstances which, he alleges, made it impossible for him to accept. Plaintiff's complaint reveals that he did not contact an EEO counselor until July 2010, more than two years after the forty-five day period within which he was required to take such action had expired. Plaintiff has alleged in his complaint that he was not notified of the time limit and did not learn of it until July 2010, after which he promptly contacted the DOS Office of Civil Rights.

The forty-five day deadline has been construed as a statute of limitations and not a jurisdictional prerequisite. *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995). Under applicable regulations, a federal agency is required to extend the forty-five day time limit "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2). *See also Runyon*, 47 F.3d at 918 (forty-five day time limit extended for federal job applicant where posted notices were not reasonably geared to inform her of the time limits). Plaintiff must be given the opportunity to show that he was not notified or that the notice was not reasonably geared to inform him of the time limits. *Id.*

6

Accordingly, dismissal for failure to timely exhaust administrative remedies is not appropriate.

**(4)** *Age Discrimination Claim*

Defendants next contend that Plaintiff's complaint fails to state a claim for age discrimination. The Court disagrees. Plaintiff's complaint identifies the type of discrimination that he thinks occurred (age), by whom (DOS, through Alecia Mason and Tiea Morena), and when (in connection with his efforts to secure employment as a Passport Specialist from September 2007 through April 2008). This is sufficient to give Defendants fair notice of what the claim is and the grounds on which it rests. *See Swanson v. Citibank*, 614 F.3d 400, 405 (7th Cir. 2010), ("Swanson's complaint identifies the type of discrimination that she thinks occurred (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint.")

**(5)** *Reprisal*

Defendants next maintain that Plaintiff has failed to allege a plausible reprisal claim against DOS. Defendants argue that Plaintiff does not state claims for reprisal under Title VII or the ADEA because his complaint to the State Department Office of Inspector General ("OIG"), the action for which he believes he was blacklisted, concerns inept hiring practices rather than discrimination based on race, color, religion, sex, national origin, or age. However, Defendants purport to know what Plaintiff's complaints to the OIG were on the basis of an OIG "Hotline Communication Report" attached to its memorandum that cannot be considered on a motion to

7

dismiss for failure to state a claim. Plaintiff states in his complaint that he complained to the OIG "regarding the DOS behaviors from 2007 through April 2008." (DE 3, p. 4.) Giving Plaintiff the benefit of the doubt, one can infer that Plaintiff is claiming that the DOS behaviors he complained about included discriminating against him on account of his age. At a later stage in the case Defendants may be able to present evidence that convinces the Court Plaintiff did not complain to the OIG about age discrimination, but he has pleaded enough to survive a motion to dismiss for failure to state a claim.

With regard to Plaintiff's allegations that the DOS also discriminated against him because of his complaints to the OIG about matters other than age discrimination, and because of his political affiliations, the Court has investigated the possibility that Plaintiff has stated a *Bivens* claim. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that the victim of a violation of a constitutional right could bring an action for damages against individual federal officials.

Plaintiff's claims that do not involve age discrimination may be seen as allegations that the DOS failed to hire him and blacklisted him for exercising his First Amendment rights. However, the Court of Appeals for the Seventh Circuit has held that the Civil Service Reform Act ("CSRA") provides the exclusive remedy for alleged constitutional violations, including alleged First Amendment violations, arising out of federal employment. *Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006). As a former applicant for federal employment, Plaintiff's remedy under the CSRA is to petition the U.S. Office of Special Counsel alleging "prohibited personnel practices." *See* 5 U.S.C. §§ 1214, 1221, and 2302. Accordingly, Plaintiff's claims of discrimination on the basis of his political affiliations and complaints to the OIG on issues other

than age discrimination are dismissed.

**(6)** *Lilly Ledbetter Fair Pay Act*

The Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 2009-2, 123 Stat. 5, amends Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 and modifies the operation of the Americans with Disabilities Act and the Rehabilitation Act of 1973 to provide that a discriminatory compensation decision that is unlawful under one of those Acts occurs each time compensation is paid. Its purpose is to define when the statute of limitations on a wage discrimination claim begins to run. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 887–8 (7th Cir. 2012). It does not create a cause of action and can have no application here, where Plaintiff never received a paycheck from DOS. Plaintiff has failed to state a claim under the Lilly Ledbetter Fair Pay Act.

**D.** **Conclusion**

For the reasons stated above, Defendants' motion to dismiss or for summary judgment (DE 26) is GRANTED IN PART and DENIED IN PART. Defendants' motion for summary judgment is DENIED without prejudice. The motion to dismiss is GRANTED with respect to the United States Office of Personnel Management, which is dismissed as a party. The motion to dismiss is DENIED with respect to Plaintiff's claims of age discrimination and reprisal for complaining about age discrimination. The motion is GRANTED with respect to claims on any ground other than age discrimination.

SO ORDERED on February 6, 2013.

s/ Joseph S. Van Bokkelen<br>
Joseph S. Van Bokkelen<br>
United States District Judge<br>
Hammond Division